IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Rodney Lamark McGill, | ) | C/A NO. 0:05-821-CMC |
| | ) | CR. NO. 0:99-659 |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a *pro se* federal inmate who seeks relief in this court pursuant to 28 U.S.C. § 2255. On November 18, 2005, this court ordered summary judgment be granted to Respondent on all of Petitioner's claims except Petitioner's allegation of appellate counsel's alleged refusal to assist him in filing a petition for writ of certiorari to the United States Supreme Court. This court ordered Petitioner to provide an affidavit to this court by December 9, 2005, indicating whether or not he requested in writing that appellate counsel file a petition for writ of certiorari. Petitioner filed his affidavit on December 5, 2005.

In his amended Petition, Affidavit (filed August 1, 2005), Response (filed October 13, 2005), and Reply to Affidavit (filed November 14, 2005), Petitioner alleges appellate counsel "refused" to assist him in filing a petition for writ of certiorari to the United States Supreme Court. *See*, *e.g.*, Aff. Rodney Lamark McGill at 4, filed Aug. 1, 2005. *See also* Reply to Nov. 2, 2005 Affidavit at 2, filed Nov. 14, 2005 (appellate counsel "did not adhere to the [Fourth Circuit's requirements regarding notification of defendants of their certiorari rights] in whole or any part.") In support of this repeated position, Petitioner has presented material he submitted to the Fourth Circuit after its decision on his direct criminal appeal, as well as a letter he wrote to the trial court dated April 23, 2001. Petitioner

maintains this material provides evidence of his continued interest in pursuing a writ of certiorari in the United States Supreme Court and of counsel's failure and refusal to assist him in filing such.[1]

In light of this allegation, this court ordered Respondent to obtain an additional affidavit from appellate counsel.  On November 2, 2005, appellate counsel filed an affidavit with this court indicating that "[i]mmediately after receiving the decision from the Court of Appeals . . . counsel sent a copy of the decision to [Petitioner] and advised him of his right to petition the Supreme Court for review of the decision of the Fourth Circuit in his case.  Counsel also advised [Petitioner] that counsel believed that such a petition for review would be frivolous and that counsel would so advise the court and would seek permission to withdraw from representation, if [Petitioner] persisted in his request to appeal to the United States Supreme Court.  Counsel received no response to this letter." Aff. W. Rhett Eleazer at 2, filed Nov. 2, 2005.  Attached to appellate counsel's affidavit is the correspondence, mentioned above, from Petitioner to appellate counsel, dated April 23, 2001.  This letter, titled "Re: My Appeal," requests appellate counsel order copies of portions of Petitioner's trial transcript that had not previously been transcribed.  The letter concludes: "Also I'm requesting for

---

[1]On March 13, 2001, Petitioner filed a motion with the Fourth Circuit requesting an extension of time to file a petition for rehearing.  Petitioner sought the extension "based on him not receiving the Courts [sic] decision pertaining to his direct appeal rights until 3/6/2001, through US mail **See post marked letter from attorney Eleazer attached**."  Attachment to Aff. and Br. filed Aug. 1, 2005 (emphasis in original).  Attached to Petitioner's affidavit filed December 5, 2005 is a copy of the opinion issued by the Fourth Circuit in his direct criminal appeal.  Notably, across the top of the pages of this copy are facsimile machine "date" stamps, indicating that this copy of the opinion was received by someone via facsimile on February 26, 2001.  It appears that appellate counsel (the likely recipient of a facsimile copy) copied and mailed this opinion to Petitioner in the envelope postmarked March 2, 2001.  Counsel's affidavit filed November 2, 2005 indicates that he notified Petitioner of his right to file a petition for writ of certiorari "[i]mmediately after receiving the decision from the Court of Appeals . . . ."  While it is likely this correspondence would have been included in the same envelope with the copy of the opinion, counsel cannot produce a copy of this letter and Petitioner denies receiving it.

you to motion for an extention [sic] of time so I or you can obtain those documents and I or you can submit a worthy certiorari." Attachment 3 to Aff. W. Rhett Eleazer, filed Nov. 2, 2005.

Appellate counsel replied to Petitioner in a letter dated May 1, 2001. The letter to Petitioner states:

> I received your letter but am unsure what you are asking me to do. If you filed a Motion for a Review en banc and it was not timely, there is nothing I can do to correct that error. If you are asking me to order a copy of the closing argument and jury instructions in your trial, I need justification or a good reason to submit to the court in order to have them authorize payment. I am doubtful that a good reason exists since your case has already been 'affirmed' on appeal. Please let me know how I can help.

Attachment 4 to Aff. W. Rhett Eleazer, filed Nov. 2, 2005. The record does not indicate any further correspondence between Petitioner and appellate counsel until March, 2005.

Petitioner avers in his affidavit filed December 5, 2005 that "[t]he only reason I stated 'I or you' [in the April 23, 2001 letter] is because I did not know at that time he was required to assist me or step down as counsel." Aff. ¶ 9 at 2, filed Dec. 5, 2005. The court finds this to be, at the very least, disingenuous. No later than March 7, 2001,[2] Petitioner had a copy of the Fourth Circuit's opinion which clearly outlined the "notification" duties of counsel relating to Petitioner's certiorari rights. *See United States v. McGill*, 3 Fed. Appx. 181, 184 (4th Cir. 2001). While the record presents competing accounts of whether appellate counsel complied with his duties regarding notifying Petitioner about his certiorari rights, the court finds that because Petitioner received a copy of the Fourth Circuit opinion in his case, he was at least aware of his certiorari rights and appellate counsel's duties, whether Petitioner was notified of these rights by appellate counsel or via the Fourth Circuit opinion.

---

[2]This was the date Petitioner wrote the Fourth Circuit seeking a rehearing of his appeal.

3

Petitioner insists his references to his pursuit of a certiorari petition suffice as a request to file the petition for certiorari. However, Petitioner did not respond to counsel's May 1, 2001 statement that counsel was "unsure of what [Petitioner was] asking [counsel] to do." There is no question Petitioner received this letter, as he has attached it to several filings in this case as evidence of counsel's "unwillingness" to assist in filing a petition for writ of certiorari. Yet Petitioner produces no evidence of any response by him replying to counsel's clear "I am unsure of what you are asking me to do" statement.

Petitioner seeks to overcome counsel's May 1, 2001 letter by indicating "I had wrote [sic] numerous letters trying to get [appellate counsel] to help me . . . . I had no knowledge of what to do, and he even stated . . . 'I received your letter but am unsure what you are asking me to do.' How could I possibly advise him on how to help me any more than I already tried [?]" Reply at 4, filed Nov. 14, 2005. Petitioner, an able communicator, could easily have written appellate counsel after May 1, 2001 and instructed appellate counsel to file a petition for writ of certiorari.

Indigent defendants pursuing appeals as of right have a constitutional right to effective assistance through a direct criminal appeal. *See Anders v. California*, 386 U.S. 738 (1967). However, that right does not extend to forums for discretionary review. *Ross v. Moffitt*, 417 U.S. 600, 616-17 (1974); *see also Wainwright v. Torna*, 455 U.S. 586, 587 (1982) ("Since respondent has no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely."). Therefore, even though Petitioner has a *constitutional* right to the assistance of counsel through the end of his direct appeal, this *constitutional* right does not extend to assistance in the filing of a petition for writ of certiorari in the United States Supreme Court. *See* S. Ct. R. 10 ("Review on a writ of certiorari is not a matter of right, but of judicial discretion."). Any complaint Petitioner has as to counsel's actions, therefore,

4

is not based in the Sixth Amendment to the United States Constitution.  Therefore, the ineffective

assistance of counsel test elucidated in *Strickland v. Washington*, 466 U.S. 668 (1984), does not

appear to be the proper standard for measuring counsel's actions in this circumstance.[3]  Rather, any

right afforded Petitioner at the conclusion of his direct appeal derives from the Criminal Justice Act

of 1964, 18 U.S.C. § 3006A.  *See Austin v. United States*, 513 U.S. 5 (1994).  *Austin* holds that if

counsel feels a petitioner's requested certiorari petition is frivolous, counsel should be given the

opportunity to withdraw from representation prior to filing any petition with the United States

Supreme Court.  *See Austin*, 513 U.S. at 8.

The Fourth Circuit's Plan for Implementation of the Criminal Justice Act (hereinafter,

"Fourth Circuit Plan") requires appellate counsel to inform a defendant of his right to petition the

United States Supreme Court for certiorari review, and file a petition for writ of certiorari for

Petitioner "[i]f the defendant, in writing, so requests *and in counsel's considered judgment there are*

---

[3]If this court were to apply the *Strickland* standard, Petitioner would be unable to prevail. The record consists of competing affidavits about whether appellate counsel informed Petitioner of his right to petition the Supreme Court for a writ of certiorari. If, in the light most favorable to Petitioner, counsel did not comply with his duties under the Fourth Circuit's plan implementing the Criminal Justice Act, this failure would satisfy the "objectively unreasonable" prong of the *Strickland* test.  However, nothing in Fourth Circuit precedent indicates such a failure is *per se* ineffective assistance of counsel.  *See Proffitt v. United States*, 549 F.2d 910 (4th Cir. 1976), *cert. denied*, 429 U.S. 1076 (1977).  Therefore, even if Petitioner prevails on this prong of the *Strickland* test, Petitioner would still have to prove the resulting prejudice.  Prejudice would be established by providing evidence that it was reasonably likely the United States Supreme Court would have granted certiorari if such a petition had been properly filed.

Even assuming that counsel did *not* inform Petitioner of this right, Petitioner cannot prevail on the prejudice prong of the *Strickland* test.  Appellate counsel believed that any filing to be made by Petitioner was frivolous, and the Fourth Circuit's determination of Petitioner's direct appeal found no non-frivolous grounds for appeal.  Therefore, even if Petitioner had directed appellate counsel, after the May 1, 2001 letter, to file a petition for writ of certiorari, this court finds it likely appellate counsel would have moved to withdraw in the Fourth Circuit Court of Appeals.  Nothing in the Fourth Circuit's plan requires the appointment of new counsel in these circumstances, and Petitioner would likely have found himself in the same predicament as he did in May, 2001. Therefore, Petitioner has not established any resulting prejudice.

*grounds for seeking Supreme Court review . . . .*"  Fourth Circuit Plan § V.2, "Attorney's Duty to

Continue Representation, Appellate Counsel" (emphasis added)  *See* Sup. Ct. R. 42.2.  Therefore,

the Fourth Circuit rule specifically provides that if "counsel believes that such a petition would be

frivolous, counsel may file a motion to withdraw from this court wherein counsel requests to be

relieved of the responsibility of filing a petition for writ of certiorari."  Fourth Circuit Plan § V.2.[4]

Petitioner had notice of his right to file a petition for writ of certiorari, whether it be from

appellate counsel, the Fourth Circuit opinion, or some other collateral source.  Petitioner had a copy

of the Fourth Circuit's decision in his direct criminal appeal no later than March 7, 2001.  This

opinion referenced his right to petition the Supreme Court for certiorari.  Petitioner makes reference

to a petition for writ of certiorari in letters to counsel and to the trial court in April, 2001.  Petitioner

also sought material from the Clerk of the Supreme Court for filing a petition for writ of certiorari.

Petitioner pursued his right to petition the Supreme Court for certiorari until, according to his

averments, he mailed a petition to the Solicitor General of the United States (instead of the Clerk of

the Supreme Court).  Petitioner thereafter apparently fell silent for over three (3) years.  Petitioner

has produced no evidence that he sought to follow up on the filing of his alleged petition, or, if he

did, that he sought to remedy the alleged mis-filing.[5]

---

[4]This Circuit rule, while imposing a duty on appointed counsel, does not mean that the procedure is constitutionally required.  *See Ross v. Moffitt*, 417 U.S. at 617-18 ("We do not mean by this opinion to in any way discourage those States which have, as a matter of legislative choice, made counsel available to convicted defendants at all stages of judicial review . . . .  Our reading of the Fourteenth Amendment leaves these choices to the State . . . ."); *cf. Chalk v.* Kuhlmann, 311 F.3d 525, 529 (2d Cir. 2002); *Cepulonis v. United States*, 490 F.Supp. 318, 385 (E.D.N.Y. 1980) (failure to comply with CJA Plan does not make out successful ineffective assistance claim).

[5] Indeed, Petitioner was silent until he apparently contacted the Clerk of this court in August, 2004, inquiring about the status of this § 2255 motion, which he avers he mailed to this court in February, 2002.

Assuming counsel did not inform Petitioner of his certiorari rights, the court finds Petitioner cannot establish that he was prejudiced as a result. Appellate counsel had filed an *Anders* brief in the Fourth Circuit in the direct appeal. The Fourth Circuit had determined, after a plenary review, "there [were] no non-frivolous grounds for this appeal." *McGill*, 3 Fed. Appx. at 184. It is not likely that the Supreme Court would have granted Petitioner's certiorari petition, had it been timely filed. *See United States v. Eisenhardt*, 10 F.Supp.2d 521, 523 (D. Md. 1998) ("Given the nature of the underlying question and the Fourth Circuit's disposition of it, the *certiorari* petition would have been dead on arrival at the Supreme Court, a conclusion with which no reasonable lawyer could disagree."). Even if Petitioner had specifically requested appellate counsel file a petition for writ of certiorari for him, appellate counsel would have moved to withdraw as counsel in the Fourth Circuit. Petitioner would, therefore, likely have been in the same position as he found himself in the spring of 2001 – preparing his own certiorari petition.[6]

This court declines to make a specific finding as to whether appellate counsel complied with his duties under the Fourth Circuit Plan. Regardless of whether appellate counsel complied with his duties, Petitioner cannot establish he was prejudiced by appellate counsel's alleged failure. Accordingly, for the above reasons, in addition to the reasons stated in this court's November 18,

---

[6]Petitioner avers that he contacted the Clerk of Court at the Supreme Court by letter dated April 21, 2001 to obtain a certiorari package, and that he attempted to file the petition by mailing such to the Office of the Solicitor General on May 25, 2001. Petitioner appears to have been astute enough to obtain a certiorari filing package from the Office of the Clerk of the Supreme Court, *see* Ex. "zz" to Aff. of Petitioner, filed Dec. 5, 2005, yet seems to have had trouble returning the petition to that same address. Additionally, the court notes Petitioner was aware of–from some source–the time limits for the filing of his petition for writ of certiorari with the United States Supreme Court. Petitioner's December 5, 2005 affidavit indicates that in mid-May, 2001, Petitioner was "severely pressed into a corner for time [to file a certiorari petition]." Aff. ¶ 13 at 3, filed Dec. 5, 2005. Attached to Petitioner's affidavit are copies of a portion of the petition which Petitioner avers he mailed to the Office of the Solicitor General on May 25, 2001, eighty-eight (88) days after the issuance of the Fourth Circuit's opinion in his direct appeal.

2005 order, Respondent is entitled to summary judgment on all of Petitioner's claims. The § 2255

motion is **denied** on all of Petitioner's claims. The Clerk shall enter judgment accordingly.[7]

    **IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 25, 2006

C:\temp\notesFFF692\~7232047.wpd

---

[7]Petitioner includes material in his December 5, 2005 affidavit which is more correctly presented in a post-judgment motion. To the extent Petitioner wishes this court to consider that material, he should re-file it in a proper post-judgment motion.

8